UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HALL, JR., | ) 1:10-cv—01285-SKO-HC |
|                 Petitioner, | ) ORDER DIRECTING PETITIONER TO |
| | ) FILE A SUPPLEMENT TO THE PETITION |
| | ) CONTAINING A VERIFICATION NO |
|    v. | ) LATER THAN THIRTY (30) DAYS AFTER |
| | ) THE DATE OF SERVICE OF THIS ORDER |
| WARDEN-FPC ATWATER, | ) (Doc. 1) |
|                 Respondent. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 24, 2010 (doc. 4). Pending before the Court is the petition, which was filed on July 20, 2010.

    I.   <u>Screening the Petition</u>

The Rules Governing Section 2254 Cases in the United States

1

1  District Courts (Habeas Rules) are appropriately applied to
2  proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule
3  1(b).  Habeas Rule 4 requires the Court to make a preliminary
4  review of each petition for writ of habeas corpus.  The Court
5  must summarily dismiss a petition "[i]f it plainly appears from
6  the petition and any attached exhibits that the petitioner is not
7  entitled to relief in the district court...."  Habeas Rule 4;
8  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
9  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
10 2(c) requires that a petition 1) specify all grounds of relief
11 available to the Petitioner; 2) state the facts supporting each
12 ground; and 3) state the relief requested.  Notice pleading is
13 not sufficient; rather, the petition must state facts that point
14 to a real possibility of constitutional error.  Rule 4, Advisory
15 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at
16 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).
17 Allegations in a petition that are vague, conclusory, or palpably
18 incredible are subject to summary dismissal.  Hendricks v.
19 Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).
20      Further, the Court may dismiss a petition for writ of habeas
21 corpus either on its own motion under Habeas Rule 4, pursuant to
22 the respondent's motion to dismiss, or after an answer to the
23 petition has been filed.  Advisory Committee Notes to Habeas Rule
24 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
25 (9th Cir. 2001).
26      II.  Petitioner's Failure to Verify the Petition
27      The petition is signed but is not declared to be true under
28 penalty of perjury.  (Pet. 19, 29.)  Rule 2(c)(5) of the Rules

Governing Section 2254 Cases (Habeas Rules) requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner...." The Rules Governing Section 2254 Cases may be applied to petitions brought pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

### III. Order to Submit a Supplement to the Petition

In light of the difficulty in having Petitioner submit an entire new petition because the petition was not signed under penalty of perjury, Petitioner is DIRECTED to submit to this Court no later than thirty (30) days after the date of service of this order a document entitled "Supplement to the Petition" that is labeled with the case number of the present proceeding and which is to consist of a declaration in which Petitioner declares under penalty of perjury under the laws of the United States of America that the matters alleged in the petition filed in this proceeding on June 26, 2009, are true and correct. The declaration must indicate the date it was executed, and it must be signed by Petitioner. See 28 U.S.C. § 1746.

Petitioner is INFORMED that a failure to comply timely with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110, and it will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   December 6, 2010**                    /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

3