UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HALL, JR.,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN-FPC ATWATER,<br><br>        Respondent. | 1:10-cv—01285-SKO-HC<br><br>ORDER DISMISSING THE PETITION<br>WITHOUT PREJUDICE FOR FAILURE TO<br>PROSECUTE AND FOLLOW A COURT<br>ORDER (Docs. 1, 5)<br><br>ORDER DIRECTING THE CLERK TO<br>CLOSE THE CASE |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 24, 2010 (doc. 4). Pending before the Court is the petition, which was filed on July 20, 2010.

    I. Petitioner's Failure to Submit a Verification

    On December 7, 2010, the Court issued an order directing

1 Petitioner to submit a supplement to the petition containing a
2 verification within thirty days of service of the order.  The
3 order was served by mail on Petitioner on the same date.  The
4 order informed Petitioner that the applicable rules of court
5 required that the petition be declared to be true under penalty
6 of perjury.  (Doc. 5, 2-3.)  Although the thirty-day period for
7 submitting a verification as a supplement to the petition has
8 passed, Petitioner has not submitted a verification.

9      Local Rule 110 provides that the failure of counsel or of a
10 party to comply with the Local Rules or with any order of the
11 Court may be grounds for the imposition by the Court of any and
12 all sanctions authorized by statute or rule or within the
13 inherent power of the Court.

14      In determining whether to dismiss an action for lack of
15 prosecution or failure to follow an order of the Court, the Court
16 must consider several factors: (1) the public's interest in
17 expeditious resolution of litigation; (2) the Court's need to
18 manage its docket; (3) the risk of prejudice to the respondents;
19 (4) the public policy favoring disposition of cases on their
20 merits; and (5) the availability of less drastic alternatives.
21 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey
22 v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the
23 public's interest in expeditiously resolving this litigation and
24 the Court's interest in managing the docket weigh in favor of
25 dismissal because this case has been pending since July 20, 2010.
26 The Court cannot hold this case in abeyance indefinitely based on
27 Petitioner's failure to declare under penalty of perjury that the
28 contents of his petition are true.  The third factor, risk of

2

prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the Court's order directing Petitioner to supplement the petition with a verification informed the Petitioner that a failure to comply timely with the order would be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110, and it would result in dismissal of the action.  (Doc. 5, 3:19-22.)  It therefore appears that Petitioner received notice that dismissal would result from a failure to comply.

    II.   <u>Disposition</u>

    Accordingly, the action is DISMISSED without prejudice for Petitioner's failure to prosecute and follow an order of the Court.

    The Clerk is DIRECTED to close the case because this order terminates the action in is entirety.

IT IS SO ORDERED.

**Dated:   February 8, 2011**                /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE